IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

                      Plaintiff,

v.                                      Civil No. 5:19-cv-04093

LISA M. MERRILL,

                      Defendant.

## **COMPLAINT**

COMES NOW the United States of America, by Stephen R. McAllister, United States Attorney for the District of Kansas, and Kathryn E. Sheedy, Assistant United States Attorney, and for its cause of action alleges:

1. This is a civil action for foreclosure of a Mortgage brought by the United States of America under the provisions of 28 U.S.C. § 1345.

2. Service may be made upon Defendant in the following manner:

    a. Defendant Lisa M. Merrill may be served the Summons and a copy of the Complaint at 3100 Washington Avenue, Parsons, KS 67357, within the jurisdiction of this Court.

3. Defendant Lisa M. Merrill executed and delivered to Plaintiff United States, acting through the Rural Housing Service, United States Department of Agriculture, a promissory note on March 8, 2006, in the principal amount of $66,500.00, together with interest at the rate of 5.7500 percent (5.7500%) per annum on the unpaid balance. As consideration for this note, Plaintiff United States made a Rural Housing loan to Defendant Lisa M. Merrill, pursuant to the provisions

of Title V of the Housing Act of 1949 (42 U.S.C. § 1471, *et seq*.).  A true and correct copy of the Promissory Note is attached as Exhibit A.

4. On March 8, 2006, to secure repayment of the indebtedness, Defendant Lisa M. Merrill executed and delivered a purchase-money security interest in the form of a real estate mortgage upon real property commonly known as 3100 Washington Avenue, Parsons, Kansas 67357 and located in Labette County, Kansas, within the jurisdiction of this Court, described as follows:

> Lot 1, Block 14, Stevens Park Addition, City of Parsons, Labette County, Kansas.

This real estate mortgage was filed on March 9, 2006, in the office of the Register of Deeds of Labette County, Kansas, in Book 362 of Mtg. at Page 47.  A true and correct copy of the Mortgage is attached as Exhibit B.

5. On March 8, 2006, Defendant Lisa M. Merrill executed a Credit Subsidy Agreement.  The recapture of any and all amounts granted under this Agreement are secured by the Real Estate Mortgage described above pursuant to the Housing Act of 1949, as amended, 42 U.S.C. § 1490a, and the implementing regulations, 7 C.F.R. 3550.162.  As of June 24, 2019, there was due the total amount of $11,894.04.  This amount is to be recovered *in rem* only, and only after recovery of the principal (including advances and other recoverable costs) and accrued interest due on the Promissory Note through the date of sale of the real property.  A true and correct copy of the Subsidy Repayment Agreement is attached as Exhibit C.

6. Plaintiff United States is the owner and holder of the liability and security documents set out above, attached as Exhibits A, B and C.

7. Defendant Lisa M. Merrill failed to pay installments of principal and interest when due in violation of the liability and security documents set out above.  Plaintiff United States

elected to exercise its option to declare the entire unpaid principal balance plus interest to be immediately due and payable and made demand for these amounts.

8. The amount due on the promissory note is principal in the amount of $49,918.63 (including unpaid principal of $48,324.55, escrow replenish of $384.00, agency title report fees of $200.00, escrow fees of $948.00, and late fees of $62.08) as of June 24, 2019; plus interest in the amount of $6,625.99 (including interest on principal of $6,592.70 and interest on advances of $33.29) accrued to June 24, 2019; plus interest accruing thereafter at the daily rate of $7.7048 (including daily interest on principal of $7.6128 and daily interest on advances of $0.0920) to the date of judgment; plus administrative costs of $105.00 (including lis pendens filing fee of $5.00 and a title report fee of $100.00) pursuant to the promissory note and mortgage; plus filing fees in the amount of $400.00 allowed pursuant to 28 U.S.C. § 2412(a)(2); plus interest thereafter at the rate set forth in 28 U.S.C. § 1961; plus court costs and the costs of this action presently and in the future incurred. Plaintiff United States is also owed the amount of $11,894.04 for interest credit or subsidy subject to recapture; plus interest after the date of judgment at the rate set forth in 28 U.S.C. § 1961; and foreclosure of the Defendant's interests in the subject real estate.

9. No other action has been brought to recover these sums.

10. Plaintiff United States has completed all loan servicing requirements of Title V of the Housing Act of 1949 (42 U.S.C. § 1471, *et seq*.) and implementing rules and regulations.

11. The interest of the Defendant is junior and inferior to the interests of Plaintiff United States.

12. Less than one-third (1/3) of the original indebtedness secured by the mortgage of Plaintiff United States was paid prior to default.

Plaintiff United States demands *in rem* judgment of foreclosure and *in personam* judgment

against Defendant Lisa M. Merrill in the amount of $49,918.63 (including unpaid principal of $48,324.55, escrow replenish of $384.00, agency title report fees of $200.00, escrow fees of $948.00, and late fees of $62.08) as of June 24, 2019; plus interest in the amount of $6,625.99 (including interest on principal of $6,592.70 and interest on advances of $33.29) accrued to June 24, 2019; plus interest accruing thereafter at the daily rate of $7.7048 (including daily interest on principal of $7.6128 and daily interest on advances of $0.0920) to the date of judgment; plus administrative costs of $105.00 (including lis pendens filing fee of $5.00 and a title report fee of $100.00) pursuant to the promissory note and mortgage; plus filing fees in the amount of $400.00 allowed pursuant to 28 U.S.C. § 2412(a)(2); plus interest thereafter at the rate set forth in 28 U.S.C. § 1961; plus court costs and the costs of this action presently and in the future incurred. Plaintiff further demands *in rem* judgment in the amount of $11,894.04 for interest credit or subsidy subject to recapture; plus interest after the date of judgment at the rate set forth in 28 U.S.C. § 1961.

Plaintiff United States further demands that its Mortgage be declared a first and prior mortgage on the real property and that such advances as Plaintiff United States may be authorized and required to pay for insurance premiums, real estate taxes, title fees, or other costs necessary to protect the security during the pendency of this proceeding be allowed as a first lien on the real property.

Plaintiff United States further demands that it be granted *in rem* judgment foreclosing its mortgage on the real property and foreclosing the interest of Defendant, and that all right, title, and interest in and to the real property of Defendant, and of all persons claiming by, through or under this Defendant be decreed to be junior and inferior to the Mortgage of the Plaintiff United States and be absolutely barred and foreclosed.

Plaintiff United States further demands that the real property be sold at public sale to the highest bidder, in accordance with 28 U.S.C. §§ 2001-2003, inclusive, subject to a redemption period not to exceed three (3) months, pursuant to the provisions of K.S.A. § 60-2414(m), and that the sale be subject to any unpaid real estate taxes, special assessments and easements of record.

Plaintiff United States further demands that it may bid up to the full amount due it at the time of the sale without paying funds into the Court, which bid shall satisfy the requirement for a cash sale, and that the sale proceeds be applied in the following order:

(1) Filing fees in the amount of $400.00 allowed pursuant to 28 U.S.C. § 2412(a)(2);

(2) The costs of this action and the foreclosure sale;

(3) The interest accruing on Plaintiff United States' *in personam* judgment against Defendant Lisa M. Merrill;

(4) Plaintiff United States' *in personam* judgment against Defendant Lisa M. Merrill;

(5) The interest accruing on Plaintiff United States' *in rem* judgment for interest credit or subsidy subject to recapture;

(6) Plaintiff United States' *in rem* judgment for interest credit or subsidy subject to recapture; and,

(7) Any remaining balance should be held by the Clerk of the District Court to await the Court's further order.

Plaintiff United States further demands that the judgment granted it in the Order and Judgment be the final judgment of this Court.

Plaintiff United States further demands that in the event the judgment is not satisfied from the proceeds of the sale, that it be granted judgment against Defendant Lisa M. Merrill for any deficiency that exists after crediting the proceeds, together with interest accruing at the legal judgment rate until paid.

Plaintiff United States further demands that if the grantee named in the United States Marshal's Deed, or the grantee's assigns, are denied possession of the real property, a Writ of Assistance issue out of this Court to the United States Marshal for the District of Kansas, upon application of the grantee or grantee's assigns, ordering and directing the United States Marshal to place the applicant in full, complete, and peaceful possession of the real property.

    Respectfully submitted,

    STEPHEN R. McALLISTER
    United States Attorney
    District of Kansas

    s/ Kathryn E. Sheedy
    KATHRYN E. SHEEDY
    Assistant United States Attorney
    Ks. S.Ct. No. 22867
    290 Federal Bldg.
    444 SE Quincy Street
    Topeka, Kansas 66683
    PH: (785) 295-2850
    FX: (785) 295-2853
    Email: kathryn.sheedy@usdoj.gov
    Attorneys for the Plaintiff

## REQUEST FOR PLACE OF TRIAL

Plaintiff United States of America hereby requests that trial of the above-entitled matter be held in the City of Topeka, Kansas.

    s/ Kathryn E. Sheedy
    KATHRYN E. SHEEDY
    Assistant United States Attorney